# IN THE COURT OF APPEALS
# OF THE
# STATE OF MISSISSIPPI

## NO. 1999-KA-00062-COA

**CORKCENO STEWART A/K/A 'BA BA'**          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF TRIAL COURT JUDGMENT: | 12/03/1998 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | W. S. STUCKEY JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | MURDER: SENTENCED TO LIFE IMPRISONMENT; DEFENDANT SHALL PAY ALL COURTS COST |
| DISPOSITION: | AFFIRMED - 03/13/2001 |
| MOTION FOR REHEARING FILED: | |
| CERTIORARI FILED: | |
| MANDATE ISSUED: | 4/3/2001 |

BEFORE SOUTHWICK, P.J., MYERS, AND CHANDLER, JJ.

SOUTHWICK, P.J., FOR THE COURT:

¶1. The Defendant was convicted of murder. On appeal he argues that the verdict was contrary to the overwhelming weight of the evidence. We disagree and affirm.

## FACTS

¶2. During the early morning hours of August 18, 1997, Corkceno Stewart and Keith Williams got into a fight. Stewart initiated the confrontation by striking Williams as he attempted to get into an automobile. The fight was ended when Sammy Grant pulled Stewart off of Williams. As the two were being separated Williams stabbed Stewart in the arm. Stewart and Williams went their separate ways. Around midnight of the same day, Stewart, Grant and three other youths traveled to the house where Williams was staying. Grant knocked on the door and lured Williams outside the house. Once outside Stewart emerged from the bushes and fatally shot Williams.

¶3. Stewart surrendered to authorities the day after the shooting. He gave a signed statement admitting that

he shot Williams, but stated that he did not intend to kill him. A jury hearing the evidence on the events did not accept Stewart's version and convicted him of murder.

## DISCUSSION

¶4. Stewart's only argument on appeal is that the verdict was against the overwhelming weight of the evidence. This Court's review of a challenge to the weight of the evidence is quite limited in that all evidence must be construed in the light most favorable to the verdict, which leaves in the jurors' hands decisions about credibility of witnesses and other factual disputes. *Mitchell v. State*, 572 So.2d 865, 867 (Miss. 1990). The jury's verdict will be disturbed on appeal only when it is so contrary to the overwhelming weight of the evidence that an unconscionable injustice would result if the verdict is allowed to stand. *Herring v. State*, 691 So.2d 948, 957 (Miss. 1997).

¶5. The only factual dispute is whether the shooting was murder or manslaughter. Stewart attempted to convince the jury that he killed Williams in the heat of passion, still being enraged from being stabbed by Williams earlier that morning. When evidence fairly presents a question of whether a killing is murder or manslaughter, that dispute is to be resolved by the jury. More than twenty hours had passed from the time of the stabbing to the time that Stewart shot Williams. A witness testified that he was instructed to go to the door and lure Williams outside while Stewart hid in the bushes. Stewart received jury instructions presenting his manslaughter defense to the jury, but they did not accept that view of the evidence. Considering the evidence in a light most favorable to the verdict, it is evident that reasonable and fair minded jurors could have found that Stewart was guilty of murder. The verdict was not against the overwhelming weight of the evidence.

¶6. **THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY OF CONVICTION OF MURDER AND SENTENCE TO SERVE A TERM OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS ARE ASSESSED TO LEFLORE COUNTY.**

**McMILLIN, C.J., KING, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.**